IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ENO-OBONG OKON, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:25-cv-00042-O-BP |
| BRICE BYRD, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 30, 2025, two correctional officers ("Plaintiffs") proceeding *pro se* brought this civil rights action against their superiors and the Texas Department of Criminal Justice ("TDCJ"). The case was referred to the undersigned pursuant to Special Order No. 3 the same day. Now before the Court are the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) that Defendant TDCJ filed on July 31, 2025 (ECF No. 15), the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) that Defendants Brice Byrd and Michael Sheets filed on August 1, 2025 (ECF No. 17), and the response that Plaintiffs filed on August 22, 2025 (ECF No. 22). Based upon a full review of the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motions to Dismiss (ECF Nos. 15, 17), **DISMISS WITHOUT PREJUDICE** the Plaintiffs' claims against TDCJ under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) and against Defendants Byrd and Sheets in their official capacity under 12(b)(1) and **DISMISS** Plaintiffs' claims against Defendants Byrd and Sheets in their individual capacity under Federal Rules of Civil Procedure 12(b)(6) but grant Plaintiffs leave to amend their Amended Complaint to state a claim against Defendants in their individual capacity if they can do so.

**I.     BACKGROUND**

*Pro se* Plaintiffs Eno-obong Okon and Ndongesit Okon bring this suit alleging violations of the constitution of the United States pursuant to 42 U.S.C. § 1983. ECF No. 8 at 1. They name correctional sergeant Brice Byrd ("Byrd"), correctional officer Michael Sheets ("Sheets"), and the TDCJ as defendants. *Id.* at 2. While Plaintiffs sue officers Byrd and Sheets for acts "under the color of law," they do not specify whether they sue the officers in their official or individual capacity. *Id.* at 13.

Plaintiffs claim that the actions of the defendants led to an unlawful deprivation of their liberty and detention within the maximum-security prison where they worked without just cause, which caused them serious mental trauma. *Id.* at 1-2. They seek actual, compensatory, and punitive damages in excess of $20,000,000.00 for their injuries. *Id.* at 15.

**II.    LEGAL STANDARDS**

    **A.     Rule 12(b)(1) Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

A Defendant's successful assertion of "sovereign immunity deprives the court of [subject matter] jurisdiction." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). As a result, "the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1)." *Id.*

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

### B.   Rule 12(b)(5) Standard

Rule 12(b)(5) permits a party to move for dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). In the absence of service, proceedings against a party are void. *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968) (citing *Earle v. McVeigh*, 91 U.S. 503, 509 (1875)).

Rule 4 of the Federal Rules of Civil Procedure governs rules of process. A plaintiff's failure to successfully serve process within the ninety-day time limit rule 4 imposes requires the Court to dismiss the action without prejudice, or order successful service within a specific time. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause normally requires a "showing of good faith . . . and some reasonable basis for noncompliance within the time specified." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

### C.   Rule 12 (b)(6) Standard

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Each claim must contain "a short and plain statement . . . showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above

the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547).

Plaintiffs are proceeding *pro se*. Particular to a *pro se* party, courts liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### III. ANALYSIS

#### A. The Court should grant TDCJ's Motion to Dismiss (ECF No. 15) and dismiss Plaintiffs' claims against it for lack of subject-matter jurisdiction.

The Eleventh Amendment bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984). This immunity may be waived either by the state itself, or by Congress pursuant to the Fourteenth Amendment. *Welch v. Tex. Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 473-74 (1987). Here, TDCJ is an agency of the State of Texas and thus possesses immunity pursuant to the Eleventh Amendment against suits for

money damages.

Plaintiffs have not alleged, and the Court is not aware, that the State of Texas has waived its immunity or that Congress has abrogated Texas's immunity for suits filed under § 1983. Therefore, the Eleventh Amendment bars Plaintiffs' claims against TDCJ for money damages, and the Court should dismiss any such claim under Federal Rule of Civil procedure 12(b)(1) for lack of subject-matter jurisdiction. Accordingly, the Court should dismiss grant TDCJ's Motion to Dismiss (ECF No. 15) and dismiss Plaintiffs' claims against it under Rule 12(b)(1). This dismissal should be without prejudice. *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608).

> **B.    Even if the Court had subject-matter jurisdiction over Plaintiff's claims against TDCJ, dismissal without prejudice would be proper under Rule 12(b)(5).**

Plaintiffs filed this case on April 30, 2025. ECF No. 1. Because they paid the filing fee (see ECF No. 3), they were responsible for serving Defendants with a summons and copy of the complaint within ninety days as provided in Federal Rule of Civil Procedure 4(c).

Plaintiffs attempted to effectuate service of process upon TDCJ by a deputy sheriff's service upon Allred Unit Warden Ronald Ivey. ECF No. 12 at 5. This service was insufficient. Warden Ivey is not an authorized agent to receive process for the TDCJ. Instead, Texas law designates the Executive Director of the TDCJ as the authorized person to receive service. Tex. Gov't Code § 492.010(d). Plaintiffs also did not provide good cause for the failure to provide service of process.

Because Plaintiffs did not successfully effect service of process on the TDCJ within 90 days after filing their complaints, and did not provide good cause for this deficiency, dismissal of the claims against TDCJ is also appropriate under Federal Rule of Civil Procedure 12(b)(5). A dismissal without prejudice is appropriate because dismissals for insufficient service under Rule

12(b)(5) "[are] usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007).

    **C.    The Court should grant Byrd and Sheets' Motion to Dismiss and dismiss Plaintiffs' claims against them in their official capacity without prejudice and in their individual capacity with prejudice but with leave to amend.**

        **1.    Sovereign immunity applies to Plaintiffs' claims against Byrd and Sheets in their official capacity.**

To the extent Plaintiffs seek monetary relief from Byrd and Sheets in their official capacity, the Eleventh Amendment bars their claims because it is effectively a claim against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his official capacity is not suit against the official but instead a suit against the official's office). As noted above regarding TDCJ, the Eleventh Amendment bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government or another state. *Pennhurst*, 465 U.S. at 100, 104. While the state itself, or by Congress pursuant to the Fourteenth Amendment, may waive this amendment, there is no suggestion here that the State of Texas did so or that Congress has abrogated Texas's immunity for suits filed under § 1983.

TDCJ is an agency of the State of Texas, and it possesses immunity pursuant to the Eleventh Amendment against suits for money damages. TDCJ employed Byrd and Sheets, and they acted at all times at issue here in their official capacity. Therefore, the Eleventh Amendment bars any claim that Plaintiff asserts against them for money damages, and the Court should dismiss any such claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, without prejudice.

        **2.    Qualified immunity bars Plaintiffs' claims against Byrd and Sheets in their individual capacity.**

            **a.    Byrd and Sheets are entitled to qualified immunity.**

"Qualified immunity protects government officials performing discretionary functions

6

from liability for civil damages insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (stating qualified immunity "must be pleaded"). It is an "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether an official can claim qualified immunity, courts engage in a two-step analysis: "(1) whether the facts that a plaintiff has shown establish a violation of a constitutional right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). The second prong involves "two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (1998). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236 (2009).

To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that '*every* reasonable official would understand that what [s]he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court does "not require a

7

case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Once an official asserts qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

Byrd and Sheets claim that they are entitled to qualified immunity because Plaintiffs have not adequately alleged a constitutional violation. ECF No. 17 at 5. In their Amended Complaint, Plaintiffs assert that Byrd refused to relieve Plaintiff Eno-obong from his post, and Sheets did not allow Plaintiffs to exit the secured area housing inmates. ECF No. 8 at 5, 9-10. Plaintiffs assert that these refusals amount to false imprisonment, false arrest, and a deprivation of their constitutional right to due process. *Id.* at 13.

However, the only legal authorities Plaintiffs cite for this contention stand for the general proposition that false arrest is a constitutional violation. ECF No. 22 at 4 (citing *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987) ("[I]t has long been clearly established that an arrest without probable cause is a constitutional violation.")). But Plaintiffs do not show that Byrd and Sheets' actions amounted to an arrest without probable cause. And merely stating that Byrd and Sheets falsely imprisoned them is not enough to establish a violation of any of Plaintiffs' constitutional

rights. Similarly, Plaintiffs do not Plaintiffs' allegations fail to demonstrate a violation of a constitutional right or that the constitutional right was clearly established at the time of the challenged conduct. *Ashcroft*, 563 U.S. at 741. Moreover, Plaintiffs assert no legal authority to show that conclusion.

Even when liberally construing the *pro se* Plaintiffs' pleadings, taking all well-pleaded facts as true, and viewing them in the light most favorable to the Plaintiffs, the pleadings do not contain sufficient facts to state a claim to relief that is plausible on its face. *Yumilicious*, 819 F.3d at 170 (citing *Bell Atl. Corp.*, 550 U.S. at 547). Instead of stating facts that support their claims, Plaintiffs make "cursory and unsupported allegations," which the Court need not accept as true. *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021). Accordingly, Byrd and Sheets are entitled to qualified immunity from Plaintiffs' claims against them in their individual capacity, and the Court should dismiss Plaintiffs' claims against them.

### b. The Court should dismiss Plaintiffs' claims with leave to amend.

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v.*, 281 F.3d at 161. Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones*, 188 F.3d at 327. The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make her case; if, after that time, a cause of action has not been established, the

court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

Although the Amended Complaint fails to state a claim against Defendants Byrd and Sheets in their individual capacity upon which relief can be granted, the Court does not conclude that Plaintiffs have pleaded their best case or that further amendment of their Amended Complaint would be futile. Accordingly, the Court should grant Plaintiffs leave to file a Second Amended Complaint that addresses the deficiencies noted in these findings, conclusions, and recommendation within fourteen days after Chief Judge O'Connor enters his order on the findings, conclusions, and recommendation or such other time that he sets.

## IV.    CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Chief Judge Reed O'Connor **GRANT** the Motions to Dismiss (ECF Nos. 15, 17) and **DISMISS** the case against Defendant Texas Department of Criminal Justice without prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), dismiss the case against Defendants Brice Byrd and Michael Sheets in their official capacity under Rule 12(b)(1), and dismiss the case against Defendants Byrd and Sheets in their individual capacity under Rule 12(b)(6) with leave to amend.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on October 21, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE